UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | NO. EP-18-CR-0947-PRM |
| | § | |
| WILMER EDGARDO MENDEZ-EUCEDA | § § § | |

## DEFENDANT'S MOTIONS IN LIMINE

TO THIS HONORABLE COURT:

Defendant Wilmer Edgardo Mendez-Euceda ("Mr. Mendez") is charged with illegal reentry after deportation in violation of 8 U.S.C. § 1326. The defense believes that the Government may try to introduce evidence of various matters having low to no probative value in this case. These matters are unfairly prejudicial, and no instruction could cure their impact. The defense therefore respectfully moves to exclude such evidence or require the Government to approach the bench and obtain a ruling from the Court before making the same known to the jury in any fashion.

### I. VERACITY OF GOVERNMENT WITNESSES

An accused has no obligation to testify at trial and bears no burden of proof at trial. U.S. CONST. amend. V. Sometimes an accused does choose to testify, or to present witnesses in his behalf. Testimony from the accused or his witnesses may contradict testimony given by Government witnesses. In these circumstances, prosecutors have been known to ask the accused or the defense witness whether the Government witness was "lying" when he or he gave the contrary testimony. Because this "lying" question is an improper one, Mr. Mendez asks the Court to direct the prosecutor to refrain from any question asking whether the accused or a defense witness believes a Government witness is truthful or untruthful.

This form of question is improper at a nwnber of levels. First, such a question invades the province of the jury in making credibility determinations at trial. *See, e.g., United States v. Hernandez,* 891 F.2d 521, 526 (5th Cir. 1989). In asking the accused, or a defense witness, to judge the credibility of the Government agent, the prosecution improperly induces a witness to testify that another witness, and in particular a government agent, has lied on the stand. *United States v. Boyd,* 54 F.3d 868, 871 (D.C. Cir. 1995); *see also United States v. Sanchez,* 176 F.3d 1214, 1218-20 (9th Cir. 1999) (same); *United States v. Sullivan,* 85 F.3d 743, 749-50 (1st Cir. 1996) (same); *United States* v. *Richter,* 826 F.2d 206, 208-09 (2d Cir. 1987).

Second, this form of question before a jury suggests testimony by Government witnesses is preswnptively correct and the burden is on the defense to rebut such testimony. Any transfer of the burden to prove or disprove evidence violates the basic tenet that the Government must prove each element of the charged offense beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 364 (1970).

Third, this form of questions seeks to elicit testimony outside the witness' personal knowledge. Rule 602 provides that a witness may not testify to a matter, unless he has personal knowledge of the matter. *See United States* v. *Davis,* 792 F.2d 1299, 1304 (5th Cir. 1986) (discussing Rule 602). An accused or a defense witness lacks personal knowledge of a Government witness's state of mind and therefore cannot appropriately respond to questions as to the veracity of a Government witness. Such a question similarly violates Rule 701 as an improper opinion lacking personal knowledge.

Finally, this line of question detracts from the fundamental fairness and integrity of the trial. It is "improper for the prosecutor to question [a defendant] about whether [a government] agent ... [is] lying." *United States v. Combs,* 379 F.3d 564, 572 (9th Cir. 2004). Should the

outcome of the trial rest on credibility estimations of witnesses, the inherently detrimental nature of this form of question can inject a defect of constitutional magnitude into the proceedings. *Id.* As such, questions directing defense witnesses to comment on the veracity of government witnesses have no place in a criminal trial.

In light of the foregoing, the defense requests that the court direct the Government to refrain from presenting questions of this nature to defense witnesses and Mr. Mendez.

**II.     COMPETENCY ISSUES**

Mr. Mendez filed a Motion to Determine Competency in this matter, and this Court heard evidence on that issue. Mr. Mendez moves to exclude any testimony, evidence, or references to the issue of competency in this matter. Any mention of this matter is inadmissible as irrelevant to the elements charged and unfairly prejudicial. *See* FED. R. Evm. 402, 403. Accordingly, Mr. Mendez requests that the Court order the Government to refrain from introducing any documents, testimony, or references to the competency issue in this case.

**III.    ARRESTS OF MR. MENDEZ**

Mr. Mendez requests that the Court order the Government to refrain from referring to or specifically testifying to what offense or offenses Mr. Mendez was arrested for in the State of California between 2011 - 2018. Mr. Mendez requests that the Court order that the Government not name the offense nor the severity of the offense whether said arrest was for a felony or a misdemeanor offense. The described arrests did not result in convictions and not mentioning the type of offense or the severity of the offense guarantees that the presumption of innocence is observed.

# REQUESTED RELIEF AND PROCEDURAL MATTERS

Mr. Mendez would be prejudiced by any mention of these matters before the jury, even if an objection is later sustained and an instruction to disregard issued; no instruction could remove their influence from the jury's minds. Mr. Mendez requests that the Court order the Government and its witnesses not to refer before the jury to any of the above-described matters and to redact any references in documentary evidence to any of the above matter. The Government should be required to approach the bench and obtain a ruling before placing any of such matters before the jury in any way, whether through testimony, argument, objections, voir dire examination, or otherwise.

For these reasons, Mr. Mendez respectfully asks that this Court order the Government and its witnesses not to allude to any of the above matter without first obtaining the Court's ruling as to admissibility outside the hearing of the jury; and that the Court will exclude such evidence at trial.

Respectfully Submitted,

Maureen Scott Franco
Federal Public Defender


/S/
JOHN P. CALHOUN
Assistant Federal Public Defender
Western District of Texas
Richard C. White Federal Building
700 E. San Antonio, D-401
El Paso, Texas 79901
(915) 534-6525
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 31st day of August, 2018, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to the following: AUSA, Ian Martinez Hanna, Office of the U.S. Attorney, Richard C. White Building, 700 E. San Antonio, Suite 200, El Paso, TX 79901.

       /S/
       JOHN P. CALHOUN
       *Attorney for Defendant*

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | NO. EP-18-CR-0947-PRM |
| WILMER EDGARDO MENDEZ-EUCEDA | § § § | |

**ORDER**

On this date came on to be heard Defendant's Motions in Limine (ECF No. _). After considering the same, the Court enters the following orders:

Defendant's Motions in Limine are GRANTED as to the following matters:

1. Questioning a witness as to whether a Government witness is lying or untruthful; and

2. Any references to the competency issue in this case.

It is ORDERED that the Government shall not introduce, allude to or argue any of the above before the jury until it has first approached the bench and obtained the Court's ruling on the admissibility of such matters.

It is further ORDERED that the Government shall instruct its witnesses that they are subject to the terms of this Order and are similarly not to allude to or go into such matters until the Court has ruled on their admissibility, outside the presence of the jury.

ORDERED and ENTERED on this the _____ day of August, 2018.

_____
PHILIP R. MARTINEZ
United States District Judge